IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JOHN D. VESEY**,

        Plaintiff,

v.

                                                    No. 06-CV-779 BB/ACT

**PETER GOLDEN, Deputy Sheriff of
Bernalillo County Sheriff's Department,
in his individual and official capacities,**

        Defendant.

## MEMORANDUM OPINION

      THIS MATTER comes before the Court on a motion for summary judgment (Doc. # 49) by Defendant, Deputy Sheriff Peter Golden, ("Mr. Golden" or "Defendant"), in response to claims based on 42 U.S.C. § 1983 ("§ 1983") by Plaintiff, John Vesey, ("Mr. Vesey" or "Plaintiff").[1] Though Plaintiff's complaint and brief are not models of clarity, the facts they allege could support two claims: (1) malicious prosecution under § 1983; and, (2) retaliation under § 1983. *See generally Mondragon v. Thompson*, 519 F.3d 1078, 1084 (10th Cir. 2008) ("it is not essential that the plaintiff use the words 'malicious prosecution' to describe his . . . claim"). The Court thus construes Plaintiff's claims as such. In addition, Plaintiff seeks relief under § 1983 against Defendant in his official capacity. After reviewing the submissions of the

---

[1]Plaintiff also makes claims against Defendant for violations of the New Mexico Tort Claims Act. Compl. ¶¶ 32-35. However, Defendant does not seek summary judgment on those claims. *See* Def.'s Mem. (Doc. # 49 at 1, 3).

parties and the relevant law, the Court finds that Defendant's summary-judgment motion (Doc. # 49) should be GRANTED.

**Factual Background**

The following facts are undisputed or, where disputed, construed in the light most favorable to Mr. Vesey, as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In November 2004, Ms. Melanie Lamphere, Mr. Vesey's former girlfriend, received an order of protection ("restraining order") against Mr. Vesey. *See* Def.'s Mot. (Doc. # 49 at Exh. 4). The restraining order prohibited Plaintiff from abusing Ms. Lamphere or "members of [her] household." *Id.* This case arises out of events related to the restraining order.

Over a year and one-half after the restraining order was issued, in June 2006, Plaintiff's attorney planned to interview witnesses in connection with a criminal case against Plaintiff. *See* Pl.'s Resp. (Doc. # 50 at 2). Plaintiff's attorney advised him to be present for consultation at the Second Judicial District Attorney's Office ("the D.A.'s office") in Albuquerque, the site of the interviews. *Id.* When Mr. Vesey entered the lobby of the D.A.'s office, however, he saw Ms. Lamphere's father, a recipient of protection under the restraining order. Vesey Dep. 26:11-27-11. Given Mr. Lamphere's presence in the lobby, a security guard, who had been apprised of the restraining order, told Mr. Vesey to leave the premises and, at that, Mr. Vesey did so. *Id.*

The following day, Melanie Lamphere contacted Defendant, a Bernalillo County Sheriff's Deputy, to report a violation of the restraining order. Golden Dep. 16:17-24. In particular, Ms. Lamphere reported that Mr. Vesey had communicated with her father while the two were in the lobby of the D.A.'s Office. *See* Crim. Compl. (Doc. # 49 at Exh. 3). In response to Ms.

Lamphere's report, Mr. Golden filed a criminal complaint against Mr. Vesey. Golden Dep. 19:21-25.

By June 30, 2006, a summons was issued ordering Mr. Vesey to appear at an arraignment hearing on July 18, 2006 in connection with his alleged violation of the restraining order. Crim. Summ. (Doc. # 49 at Exh. 3). Because the summons was mailed to an address at which he no longer resided, however, Mr. Vesey did not receive it. Golden Dep. 30:3-20. As a result, Mr. Vesey did not appear at the hearing, and a warrant was issued for his arrest. Pl.'s Resp. (Doc. # 50 at 3-4).[2]

Over a month later, Mr. Vesey appeared at the Second Judicial District Court for reasons unbeknownst to the Court, and a sheriff's deputy then arrested Mr. Vesey, relying on the bench warrant stemming from the criminal complaint that Mr. Golden filed, as well as another bench warrant stemming from other, unknown acts. *Id.* at 4. After his arrest, Mr. Vesey was

---

[2]Plaintiff claims that Mr. Golden listed an outdated address on the criminal complaint so that Mr. Vesey would not receive notice of the hearing and would thus be the subject of an arrest warrant. *See* Pl.'s Resp. (Doc. # 50 at 3). For his part, Defendant denies that he had any such deception in mind; and he explains that he retrieved Plaintiff's address from the National Crime Information Computer, a database that provides identification information for individuals with prior convictions. *See* Golden Dep. 31:16-33:13 (Doc. # 49 at Exh. 2). Defendant also asserts that he verified the address with the New Mexico motor vehicle division. *Id.* Moreover, the restraining order that Ms. Lamphere provided to Mr. Golden contained the same, albeit outdated, address. *See* Order of Protection (Doc. # 49 at Exh. 4).

Despite intimations to the contrary, Plaintiff cites no authority indicating how Mr. Golden's failure to affix a correct address violated a federal right. Regardless, Mr. Vesey's allegation that Mr. Golden deliberately had the summons sent to the wrong address is unsubstantiated, and Mr. Golden is entitled to qualified immunity from liability because the evidence he produced indicates that his mistake was reasonable under the circumstances. *See generally Saucier v. Katz*, 533 U.S. 194, 206 (2001) (Qualified immunity "grant[s] officers immunity for reasonable mistakes"), *receded from on other grounds by Pearson v. Callahan*, 129 S.Ct. 808, 813 (2009).

incarcerated for three days. Vesey Dep. 42:18-43:3. Ultimately, the charges related to the restraining order were dismissed. Def.'s Mem. (Doc. # 49 at 2).

Mr. Vesey now sues Mr. Golden under § 1983, a statute that provides a cause of action to individuals whose federal constitutional rights are violated by state actors acting under color of state law. Specifically, he claims that when Mr. Golden initiated criminal proceedings against him, that act constituted malicious prosecution. Def.'s Mem (Doc. # 49 at 15). In addition, Mr. Vesey claims that Mr. Golden filed the criminal complaint as retaliation against him for exercising certain constitutional rights. *Id.* The Court thus addresses these two claims.

**Standard For Analyzing Motions For Summary Judgment Based on Qualified Immunity**

Federal Rule of Civil Procedure 56(c) governs summary-judgment motions. Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). Also, the Court must review the evidence presented in the light most favorable to Plaintiff. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

Since Defendant raises qualified immunity as a defense on summary judgment, Plaintiff must meet a two-part test. *See Saucier*, *supra*, 533 U.S. at 201 (2001).[3] First, Plaintiff must show that his evidence, accepted as true, amounts to a violation of a federal right. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). Second, Plaintiff must show that at the time of the occurrence the right was clearly established, such that a reasonable officer under the

---

[3]The Supreme Court recently held that this two-step analysis need not be followed in precise sequence. *See Pearson*, *supra*, 129 S.Ct. at 813. *Pearson*, however, does not affect this Court's analysis here.

circumstances would understand that his acts violate that right.  *See Malley v. Briggs,* 475 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.").

If Plaintiff meet this two-part test, Defendant then bears the traditional summary-judgment burden of showing that no genuine disputes of material fact exist.  *Nelson v. McMullen,* 207 F.3d 1202, 1206 (10th Cir. 2000).

## Discussion

### I. Malicious Prosecution

The first cause of action on which Plaintiff seeks relief is one for malicious prosecution under § 1983.  When addressing § 1983 malicious prosecution claims, courts in the Tenth Circuit use the elements of the state-law tort as the "starting point" of the analysis.  *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004).  The § 1983 claim must ultimately hinge, however, on a deprivation of a constitutional right caused by the malicious prosecution tort.  *Pierce*, *supra*, at 1290; *see also Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) ("the . . . constitutional underpinning for a claim of malicious prosecution under § 1983 must be the . . . right to be free from unreasonable seizures.") (internal quotation marks omitted).  A successful § 1983 malicious prosecution claim must thus meet the following elements:  (1) Defendant caused Plaintiff's arrest or confinement; (2) the original action terminated in favor of Plaintiff; (3) no probable cause existed for the arrest or confinement; (4) Defendant acted with malice; and, (5) Plaintiff suffered damages.  *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257-58 (10th Cir. 2007).

Whether Plaintiff has showed that Defendant caused his arrest and confinement is debatable, but for purposes of this opinion, the Court assumes that Plaintiff has satisfied this first

element.  *See id.* at 1258 (accepting as true the plaintiff's evidence that the defendants made false statements and inaccurately recounted events, and assuming such acts led to his arrest, but granting summary judgment nonetheless because the plaintiff could not show a lack of probable cause for the arrest).  Also, since the charges against Mr. Vesey for violating the restraining order were dismissed, there is no doubt that the original action was terminated in Plaintiff's favor, thus satisfying the second element.  However, as in *Novitsky*, it is on the third element, probable cause, where Plaintiff's case founders.

     **a. Probable Cause**

A key element of the malicious prosecution tort is that no probable cause existed to support the arrest or confinement.  *See Pierce*, *supra*, 359 F.3d at 1294 ("The probable cause requirement is central to the common law tort, because not every arrest [or] prosecution that turns out to have involved an innocent person should be actionable").  Also, Tenth Circuit precedent mandates that § 1983 malicious prosecution claims cannot lie unless probable cause is entirely negated by Defendant's wrongful acts.  *See Pierce*, *supra*, at 1295 (holding that plaintiffs bear a "heavy burden" to prove that the defendant's inaccuracies were "necessary to the finding of probable cause:  that without the falsified . . . evidence . . . there would have been no probable cause"); *see also Cowdrey v. Allen*, 2006 WL 3241381, *4-*5 (N.D. Okla. 2006) (unpublished) (finding that § 1983 malicious prosecution claim could not survive summary judgment because, although the defendants may have withheld certain exculpatory evidence, probable cause nonetheless existed to bind the plaintiff over for trial).

   Mr. Vesey argues that Defendant is not entitled to qualified immunity because the bench warrant for violating the restraining order was unsupported by probable cause.  Pl.'s Resp. (Doc.

# 50 at 15-16).  For his part, Defendant admits in his motion that probable cause did not exist to file the criminal complaint.  *See* Def.'s Mem. (Doc. # 49 at 8).  However, he asserts that filing the criminal complaint did not lead to an unconstitutional seizure.  *Id.* at 8 (stating that Plaintiff suffered no constitutional violation).  Alternatively, he argues that he is entitled to qualified immunity because, his argument goes, filing the criminal complaint without probable cause was a "reasonable mistake."  *Id.* at 10-11.  The Court rejects Mr. Golden's second argument—that qualified immunity protects him—because filing a criminal complaint under such circumstances was not a "reasonable mistake."[4]

What remains an open question, however, is whether the paucity of probable cause underlying the criminal complaint Mr. Golden filed vitiated probable cause in its entirety for the arrest and confinement.  This question goes to Defendant's first argument:  that the criminal complaint he filed did not lead to an unconstitutional seizure.  *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (holding that a plaintiff must show a direct connection between the malicious prosecution and a Fourth Amendment violation).

---

[4] To expand on that point:  the criminal complaint alleges that Mr. Vesey "did make communication" with Mr. Lamphere at the D.A.'s office, saying that act would be likely to "cause annoyance."  Crim. Compl. (Doc. # 49 at Exh. 3).  However, a mere "communication" that would "cause annoyance" is not a violation of the restraining order.  Instead, the restraining order prohibits Mr. Vesey from "abus[ing]" Ms. Lamphere or members of her family, causing "distress."  *See* Order of Protection (Doc. # 49 at Exh. 4).  Mr. Golden made no reference in the criminal complaint to abusive communications that led to emotional distress.  As a result, the facts alleged in the criminal complaint do not amount to a violation of the restraining order.  In addition, Mr. Golden allegedly misrepresented what the restraining order prohibited.  *See* Crim. Compl. (Doc. # 49 at Exh. 3) (stating that the restraining order prohibited "contact of any type" between Plaintiff and members of Ms. Lamphere's family).

Filing a criminal complaint without first verifying that the allegations therein amount to a violation of the law, as well as making material misrepresentations, are not reasonable mistakes.  *See, e.g., Pierce*, *supra*, 359 F.3d at 1299 (holding that making material misrepresentations in an affidavit to support a warrant violates a defendant's clearly-established constitutional rights).

7

*i. Probable Cause Existed to Arrest And Confine Mr. Vesey Based on Another, Apparently Valid Bench Warrant.*

As mentioned, Mr. Vesey's arrest and confinement were based on two bench warrants, and he has provided no evidence that the additional bench warrant was invalid or provided insufficient grounds to arrest and confine him. Absent evidence that the additional bench warrant was somehow deficient, the Court must find as a matter of law that its existence defeats the malicious prosecution claim. *See Cowdrey*, *supra*, at *3 ("existence of probable cause constitutes a complete defense"). In other words, Plaintiff has failed to meet his "heavy burden" of showing how Defendant's wrongful acts were "necessary to the finding of probable cause," as Tenth Circuit precedent requires. *Pierce*, *supra*, at 1294; *see also Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (affirming district court's finding that false testimony provided by an officer did not vitiate probable cause for purposes of a § 1983 malicious prosecution claim because other, independent bases for probable cause existed); *and Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (finding that inaccuracies and omitted information in an arrest affidavit would not have altered the probable-cause determination and thus could not be connected to a constitutional violation).

To be sure, Mr. Golden's actions with regard to the restraining order were improper and unprotected by qualified immunity. Nevertheless, the seizure Mr. Vesey suffered was supported on independent grounds, and thus violated neither the Fourth Amendment nor § 1983. It follows then that Mr. Vesey's malicious-prosecution claim is unavailing. *Cf. Titus v. Ahlm*, 2008 WL 4726233, *4 (10th Cir. 2008) (unpublished) ("Where, as here, no Fourth Amendment violation occurred because the officer possessed probable cause to arrest and charge the individual, the

inquiry ends") (internal quotation marks omitted). Defendant's motion (Doc. # 49) should thus be GRANTED.

## II. Retaliation For Exercising Constitutional Rights

The second cause of action on which Mr. Vesey seeks relief is one of retaliation for attempting to exercise constitutional rights. The thrust of this claim is that when he tried to accompany his lawyer to the D.A.'s office for witness interviews, Mr. Vesey engaged in constitutionally-protected activity, and that when Mr. Golden filed a criminal complaint against him for doing so, Mr. Golden was motivated by retaliatory intent. *See* Pl.'s Resp. (Doc. # 51 at 15-16). To withstand summary judgment on such a claim, Plaintiff must first establish that the activity for which Mr. Golden allegedly retaliated against him is constitutionally protected. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

### a. Mr. Vesey Was Not Engaged in Constitutionally-Protected Activity

As Plaintiff's brief explains, the first element necessary to support a § 1983 retaliation claim is that Plaintiff engaged in constitutionally-protected activity. *See* Pl.'s Resp. (Doc. # 50 at 15) (citing *Worrell*, *supra*, at 1212). The obvious next step, then, is to determine whether the activity at issue here is constitutionally protected. Insofar as the record indicates, Mr. Vesey's activity can be best defined as a defendant's attempt to accompany his lawyer to pre-trial interviews related to a pending criminal action. In his brief, Mr. Vesey asserts that this act implicates a multitude of constitutional rights.[5] Pl.'s Resp. (Doc. # 50 at 4). After reviewing the

---

[5]The brief asserts that Mr. Vesey's actions were protected by: (1) the Sixth Amendment's right to counsel; (2) the First Amendment's right of access to courts; (3) the Sixth Amendment's right of confrontation; (4) the First Amendment's right of freedom of movement and travel; (5) the Fifth and Fourteenth Amendments' rights of due process; and, (6) the Fourteenth Amendment's right of equal protection under the law.

substance of each constitutional right allegedly at issue, however, the Court finds that Mr. Vesey's behavior raises just one: the right of a criminal defendant to have a meaningful opportunity to present a complete defense.[6] Determining whether Mr. Vesey's actions are constitutionally protected thus requires the Court to explore the scope of that right.

The Constitution guarantees "a meaningful opportunity to present a complete defense." *Clark*, *supra*, at 789. This grants criminal defendants a right to be present at all stages of a trial in which their absence might frustrate the fairness of the proceedings. *See Tennessee v. Lane*, 541 U.S. 509, 523 (2004) (citing *Faretta v. California*, 422 U.S. 806, 819 (1975)). A criminal defendant also must be allowed to attend pre-trial proceedings in which his or her presence is essential to a fair hearing. *United States v. Veatech*, 647 F.2d 996, 1003-04 (9th Cir. 1981) (holding that, because a defendant was not prejudiced by his absence at a pre-trial conference, he had no claim). However, no court has established a right to attend pre-trial interviews of witnesses. And, to show a constitutional violation, Mr. Vesey must at the very least demonstrate

---

Without delving into a detailed analysis of these provisions, it suffices to say that the Court agrees that certain Due Process and Sixth Amendment interests are raised in this context. But it rejects the notion that the right of access to courts is at issue because that derives from the First Amendment right to petition the government for redress of wrongs, and does not apply to criminal defendants. *See Sure-Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 896 (1982). Moreover, the right of freedom and travel does not apply, as that right has only been clearly established to guarantee citizens of one state the ability to pass into another state. *See Attorney Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 901 (1986). Lastly, the Court has no reason to believe that Mr. Vesey's inability to attend pre-trial interviews implicates the Equal Protection Clause.

[6]This right may derive from multiple constitutional sources. For example, some courts refer to it as deriving from the Sixth Amendment's Confrontation and Compulsory Process Clauses; while others discuss it in the context of the Due Process Clauses of the Fifth and Fourteenth Amendments. *E.g. Clark v. Arizona*, 548 U.S. 735, 789 (2006); *United States v. Rolle*, 204 F.3d 133, 136 (4th Cir. 2000). In any event, such a right is firmly rooted. *See, e.g., Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.").

that his absence from the interviews prejudiced his ability to conduct his defense.  *See Dasher v. Stripling*, 685 F.2d 385, 387-88 (11th Cir. 1982) ("[T]he defendant has a constitutional right to be present . . . to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.").  He has not done so.

Indeed, the evidence Mr. Vesey presents fails to show how his absence was prejudicial.  *See United States v. Brown*, 571 F.2d 980, 986 n. 5 (6th Cir. 1978) (finding that a criminal defendant must show prejudice to have a constitutional claim based on his absence from a pre-trial proceeding).  Because nothing in the record indicates the way in which Mr. Vesey's absence even affected his criminal case, and because no right to attend pre-trial interviews is constitutionally protected, Mr. Vesey's § 1983 retaliation claim fails, and Mr. Golden's summary-judgment motion (Doc. # 49) as to the § 1983 retaliation claim should be GRANTED.

### III. § 1983 Claims Against Mr. Golden in His Official Capacity

The Court next must address whether Mr. Golden is entitled to summary judgment in his official capacity.  "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  As Defendant correctly points out, this claim thus amounts to a claim against Bernalillo County, Defendant's employer.  *See* Def.'s Mem. (Doc. # 49 at 11).  But a governmental agency cannot be vicariously liable under § 1983.  *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999).  On the contrary, Plaintiff must provide evidence that the agency's unlawful policies led to a constitutional deprivation.  *Id.* at 762-63.  Plaintiff here does not provide a shred of such evidence against Bernalillo County.  Hence, Mr. Golden's summary-

judgment motion as to the claim against him in his official capacity (Doc. # 49) should also be GRANTED.

## IV.  The Court Declines to Exercise Pendent Jurisdiction Over Plaintiff's State-Law Tort Claims

As noted, Plaintiff also sues Mr. Golden under the New Mexico Tort Claims Act ("NMTCA"), but Defendant did not seek summary judgment on those claims.  Given that all of the causes of action arising under federal law will be dismissed, such NMTCA claims are all that remains of this case.  Under these circumstances, the Court may decline to exercise pendent jurisdiction over the state-law tort claims.  *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)).  Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state-law tort claims.[7]

## Conclusion

In sum, Plaintiff's § 1983 malicious prosecution claim fails because Mr. Golden's flawed criminal complaint was not necessary to establish probable cause.  Probable cause thus existed to arrest and confine Mr. Vesey, such that he suffered no constitutional violation.  Similarly, Mr. Vesey did not suffer retaliation for exercising his constitutional rights, because the conduct for which Mr. Golden allegedly retaliated against him is not constitutionally protected.  In addition,

---

[7] Also noteworthy is the fact that the statute of limitations on the pending claims is tolled, and Plaintiff may thus still recommence his state-law tort claims.  *See Bracken v. Yates Petroleum Corp.*, 760 P.2d 155, 155 (N.M. 1988) (establishing that the filing of a complaint in an improper venue tolls the statute of limitations and overruling *Estate of Gutierrez v. Albuquerque Police Dep't*, 717 P.2d 87 (N.M. App. 1986)), *disagreed with on other grounds by Team Bank v. Meridian Oil Inc.*, 879 P.2d 779 (N.M. 1994) .

Mr. Golden is entitled to summary judgment in his official capacity, because Mr. Vesey does not provide any evidence that Bernalillo County acted unlawfully. In light of the foregoing, Defendant's summary-judgment motion (Doc. # 49) should be GRANTED. Lastly, the Court declines to exercise pendent jurisdiction over the remaining NMTCA claims.

                                                                                                 BRUCE D. BLACK
                                                                                                 United States District Judge